## STATE OF VERMONT

**SUPERIOR COURT**　　　　　　　　　**CIVIL DIVISION**
**FRANKLIN UNIT**　　　　　　　　　　**DOCKET NO.:** 221-6-19 Frc⌣

| | |
|---|---|
| **ASHLEY TREMBLAY**<br>  of Highgate Center, Vermont<br>  **Plaintiff** | )<br>)<br>) |
| **VS.** | )<br>)<br>) |
| **JBS USA d.b.a. Plumrose USA, Inc.**<br>  of Swanton, Vermont,<br>  **Defendant** | )<br>)<br>)<br>) |

5:19-cv-115

Vermont Superior Court
JUN − 4 2019
FILED: Franklin Civil

### COMPLAINT

NOW COMES, Plaintiff, Ashley Tremblay, by and through her attorneys, Kissane

Associates, and hereby alleges and complains against the Defendant, JBS USA d.b.a.

Plumrose USA, Inc. (herein referred to as "JBS") as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is a resident of Highgate Center, Vermont.

2. At all times relevant herein, Plaintiff was an employee of Defendant at its meat

   processing and packaging plant in Swanton, VT.  Plaintiff was working for

   Defendant as a temporary employee through the Vermont Employment Agency.

3. Plaintiff is a woman.  Plaintiff identifies as her birth gender, which is female, and her

   preferred pronouns are she, her, hers and herself.

4. Defendant is a foreign corporation with its principal place of business at 1770

   Promontory Circle, Greeley, CO 80634.

KISSANE ASSOCIATES
ATTORNEYS AT LAW
TWO NORTH MAIN ST.
SUITE 3
ST. ALBANS, VERMONT
O5478-1665

1

5. That as of the date of this filing, Defendant has failed to register as a corporation with the Vermont Secretary of State.

6. Upon information and belief, Defendant acquired Plumrose USA in 2017 and since that time has owned and operated the meat processing and packaging plant at 14 Jonergin Drive, in Swanton, VT which it operates under the name "Plumrose USA, Inc."

7. At all times relevant herein, the Defendant JBS and its officers, directors, supervisors, managers, agents, servants and/or employees, had the duty to provide the Plaintiff with a non-hostile work environment, and a work environment consistent with Vermont's Fair Employment Practices Act, 21 V.S.A. §495, ("V.F.E.P.A.").

8. At all times relevant herein Defendants, officers, directors, supervisors, managers, agents, servants and/or employees, were acting within their scope of employment with Defendant.

9. At all times relevant times herein, Defendant JBS, was the respondeat superior of its officers, directors, supervisors, managers, agents, servants and/or employees.

10. At all times relevant herein, JBS was vicariously liable for the acts of its officers, directors, supervisors, managers, agents, servants and/or employees.

11. At all times relevant herein, Plaintiff was in the scope and course of her employment with the Defendant JBS and belonged to a group protected against the acts described herein under V.F.E.P.A.

COUNT 1
SEX DISCRIMINATION

KISSANE ASSOCIATES
ATTORNEYS AT LAW
TWO NORTH MAIN ST.
SUITE 3
ST. ALBANS, VERMONT
05478-1665

2

Vermont Superior Court

JUN - 4 2019

FILED: Franklin Unit

12. Plaintiff refers to and incorporates herein allegations 1-9 above by reference.

13. During Plaintiff's employment and at all times relevant herein, the Defendant's agents, managers, servants and/or employees discriminated against Plaintiff by engaging in, and maintaining, a work environment where sexual perversion, sexual predation, misogyny, hostility, intimidation, humiliation, ridicule, and harassment based upon Plaintiff's sex; that was explicit, rampant, pervasive.

14. Said conduct was such that a reasonable person in Plaintiff's position would have felt it made Plaintiff's work environment was discriminatory, hostile and abusive.

15. That the aforesaid acts of hostile work environment, harassment, intimidation and abuse perpetrated by Defendants violated Plaintiff's rights as provided under V.F.E.P.A.

16. Plaintiff actually believed that the workplace was hostile and/or abusive.

17. Defendant failed to take sufficient disciplinary action against co-employees and/or supervisors or managers of Plaintiff who harassed Plaintiff.

18. Plaintiff suffered adverse employment consequences and/or actions based on this this sex discrimination.

19. That as a consequence of the Defendant's harassment, intimidation and abuse during Plaintiff's employment she sustained mental anguish including but not limited to: mental distress, emotional distress, shock, fright and humiliation as well as loss of enjoyment of life.

COUNT 2
SEXUAL HARRASMENT

KISSANE ASSOCIATES
ATTORNEYS AT LAW
TWO NORTH MAIN ST.
SUITE 3
ST. ALBANS, VERMONT
05478-1665

3

Vermont Superior Court

JUN - 4 2019

FILED: Franklin Civil

20. Plaintiff refers to and incorporates herein by reference allegations 1-19 above.

21. During Plaintiff's Employment and all relevant times herein, the Defendant, through its agents, managers, supervisors, and employees, engaged in verbal and/or physical conduct of a sexual harassing nature that had the purpose and/or effect of substantially interfering with the Plaintiff's work performance and/or creating an intimidating, hostile and offensive work environment.

22. This conduct included unwelcome sexual advances, requests for sexual favors and solicitation of sexually explicit images.

23. The submission to said conduct was made explicitly and implicitly a term or condition of employment.

24. Defendant failed to ensure a workplace free of sexual harassment for the Plaintiff.

25. Plaintiff actually believed that the workplace was intimidating, hostile and offensive.

26. Plaintiff suffered adverse employment consequences and/or actions based on this this sexual harassment.

27. That as a consequence of the aforementioned conduct and actions of Defendant, through its agents, managers, supervisors, employees, including, but not limited to, harassment, intimidation, offensive conduct and abuse during Plaintiff's employment, she sustained mental anguish including but not limited to: mental distress, emotional distress, shock, fright and humiliation as well as loss of enjoyment of life.

KISSANE ASSOCIATES
ATTORNEYS AT LAW
TWO NORTH MAIN ST.
SUITE 3
ST. ALBANS, VERMONT
05478-1665

4

Vermont Superior Court

JUN - 4 2019

FILED: Franklin Civil

WHEREFORE, Plaintiff demands judgment against the Defendant in such amounts within

the jurisdiction of the Vermont Superior Court, Franklin Civil Division as will:

1.  Compensate her for his mental anguish, emotional distress, loss of enjoyment of life,

    damages and losses.

2.  Punitive damages in such amounts as determined appropriate by the jury that will

    adequately punish and exemplify the conduct of the Defendant.

3.  Reasonable attorney fees as allowed pursuant to 21 VSA 495b (b).

4.   Costs of this action, such interest as is allowed by law together with such other

    additional relief as this court deems appropriate.


**PLAINTIFF DEMANDS A TRIAL BY JURY.**


DATED at St. Albans, Vermont, this 31st day of May, 2019.


ASHLEY TREMBLAY

By:_____

Shane R. Clark, Esq.
For Kissane Associates
Attorneys for Plaintiff
Two North Main St., Ste. 3
St. Albans, VT 05478
Phone:  802-524-9456 ext. 15
wcounos@aol.com
ERN # 7680

KISSANE ASSOCIATES
ATTORNEYS AT LAW
TWO NORTH MAIN ST.
SUITE 3
ST. ALBANS, VERMONT
05478-1665

5

Vermont Superior Court

**JUN - 4 2019**

FILED: Franklin Civil

By: _____
William T. Counos, II. Esq.
For Kissane Associates
Attorneys for Plaintiff
Two North Main St., Ste. 3
St. Albans, VT 05478
Phone:  802-524-9456 ext. 15
wcounos@aol.com
ERN# 5121

KISSANE ASSOCIATES
ATTORNEYS AT LAW
TWO NORTH MAIN ST.
SUITE 3
ST. ALBANS, VERMONT
O5478-1665

6

Vermont Superior Court

JUN - 4 2019

FILED: Franklin Unit